UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MELVIN C. LEWIS,

          Plaintiff,

-vs-                                        Case No. 5:11-cv-324-Oc-10TBS

THE UNITED STATES OF AMERICA,
THE INTERNAL REVENUE SERVICE,
THE STATE OF NEW YORK, and THE
STATE OF FLORIDA,

          Defendant.
_____/

## **O R D E R**

Plaintiff Melvin C. Lewis, proceeding *pro se*, has filed a 32-page (with an additional 168 pages of attachments) rambling, largely incomprehensible, and palpably frivolous Complaint, which purports to assert claims against the United States of America, the Internal Revenue Service, the State of New York, and the State of Florida (Doc. 1). As the Court can best ascertain, it appears that the Plaintiff seeks injunctive relief and monetary damages against these Defendants under the Suits in Admiralty Act, the Admiralty Extensions Act, the Foreign Sovereign Immunity Act, and the Public Vessels Act for attempting to collect accrued and unpaid federal income taxes. The Plaintiff appears to be arguing that he is a sovereign entity, and as such, any IRS liens or attempts to collect taxes against him are illegal due to his sovereignty. He also claims a "Tort Claim Consensual commercial lien" against the United States in the

amount of $10,530,000,000, and a second lien against the State of New York in the amount of $6,450,000.000.

Each of the Defendants have moved to dismiss the Complaint under both Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief (Docs. 9, 12, 14). Rather than respond to the merits of the motions, the Plaintiff sought to have each motion stricken (Docs. 11, 15). Each motion to strike reiterated many of the same nonsensical allegations contained in the Plaintiff's Complaint, and was devoid of any relevant legal analysis. Accordingly, the Magistrate Judge denied both of the Plaintiff's motions (Doc. 22).

The Plaintiff also filed several motions to recuse the Magistrate Judge (Docs. 10, 25, 27), and a "Petition for Summary Ruling; Rule 60 and 12(b)(6)" (Doc. 18) which the Court will address as a motion for summary judgment. The summary judgment motion is a compilation of the incomprehensible arguments stated in his previously denied motions to strike, and the allegations listed in his Complaint. In short, the motion for summary judgment is utterly without merit, fails to satisfy even the most rudimentary requirements of Fed. R Civ. P. 56, and is due to be denied without further discussion.

The Court further finds, for the reasons set forth below, that the Defendants' motions to dismiss are all due to be granted, and that this case is due to be dismissed with prejudice for lack of subject matter jurisdiction.

## Standard of Review

The Defendants each seek dismissal of the Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on the basis that they are each entitled to immunity.

A defendant can move to dismiss a complaint under Rule 12(b)(1) by either a facial or factual challenge. McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007) (citing Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)).[1] A "facial attack" on the complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). On the other hand, factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." Id. (quoting Menchaca, 613 F.2d at 511).

It is clear that the Defendants have limited their motions to facial attacks on the Complaint, therefore the Court will not look beyond the four corners of the Complaint and its attachments.

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit announced prior to October 1, 1981. Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

## Discussion

### I.    Eleventh Amendment Immunity

The State of Florida and the State of New York both assert that this Court lacks subject matter jurisdiction because they are protected by Eleventh Amendment immunity. The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state, citizens of another state, or citizens of any foreign state. See U.S. Const. Amend. XI.; Welch v. State Dept. of Highways and Public Transportation, 483 U.S. 468, 472, 107 S.Ct. 2941, 2945 (1985); Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504 (1890),

The only exceptions to Eleventh Amendment immunity are where Congress abrogated the state's immunity through proper legislation under § 5 of the Fourteenth Amendment, or where the state itself has waived sovereign immunity. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 907-09 (1984); Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057 (1978). The Court is not aware of any Congressional abrogation of the States' immunity which would apply to this case,[2] and

---

[2]There is nothing in any of the acts cited by the Plaintiff which abrogate Eleventh Amendment immunity (see "Statement of Jurisdiction," Doc. 1, pp. 1-2). The majority of the statutes listed either establish subject matter jurisdiction for claims against "foreign states," see 28 U.S.C. § 1330, and 28 U.S.C. §§ 1602-1611, or set forth the general requirements for diversity jurisdiction, venue, and removal see 28 U.S.C. §§ 1332, 1391, and 1441. The other pieces of legislation create causes of action for commerce and antitrust regulations, 28 U.S.C. § 1337, and create causes of action in admiralty pertaining to vessels on navigable waters or ship to shore excursions. See 46 U.S.C. §§ 30901 *et seq.*, 46 U.S.C. § 30101; 46 U.S.C. §§ 31101 *et seq.* None of these acts permit suits against any of the 50 United States for levying tax liens or any attempted tax collection activities.

neither Florida nor New York has waived its Eleventh Amendment immunity from suit in federal court. Schopler v. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990); Hamm v. Powell, 874 F.2d 766, 770 n. 3 (11th Cir. 1989); Fla Stat. § 768.28(18) (2010); Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004); Dube v. State University of New York, 900 F.2d 587, 594-95 (2d Cir. 1990).

Accordingly, the Court will grant the State of Florida's and State of New York's motions to dismiss on the grounds that they are protected by Eleventh Amendment immunity, and will dismiss all claims against them.[3]

## II. Sovereign Immunity

The United States argues that this Court lacks subject matter jurisdiction under the doctrine of sovereign immunity. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767 (1941) (citations omitted). All waivers of the nation's sovereign immunity must be "unequivocally expressed," and all expressed waivers will be strictly construed. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34, 112 S.Ct. 1011 (1992). When it applies, sovereign immunity is "a complete bar to lawsuits" against the United States, State of Fla., Dept. of Business Regulation v. U.S. Dept. of Interior, 768 F.2d 1248,

---

[3]Because the Court finds that these Defendants are entitled to Eleventh Amendment immunity, and the Court therefore is without subject matter jurisdiction, the Court will not address further the arguments concerning improper service of process under Fed. R. Civ. P. 4(j), or failure to state a claim under Fed. R. Civ. P. 12(b)(6), other than to state that the arguments are well founded.

1251 (11th Cir.1985), and "[t]he terms of the federal government's 'consent to be sued in any court define that court's jurisdiction to entertain the suit.'" JBP Acquisitions, LP v. United States, 224 F.3d 1260, 1264 (11th Cir. 2000) (quoting Sherwood, 312 U.S. at 586, 61 S.Ct. at 770).

None of the statutes cited by the Plaintiff confer subject matter jurisdiction of the claims against the United States.  The general jurisdiction and removal statutes cited in the Complaint, 28 U.S.C. §§ 1332, 1391, and 1441, do not establish jurisdiction in the absence of an explicit waiver of immunity by the United States.  See Aloupis v. United States, 149 Fed. Appx. 889, 891 (11th Cir. Sep. 6, 2005); Beale v. Blount, 461 F.2d 1133, 1138 (5th Cir. 1972); O'Brien v. United States, 18 F. Supp. 2d 1356, 1358 (N.D. Ga. 1998).  The Plaintiff's citation to the admiralty statutes and the Foreign Sovereign Immunities Act is similarly unavailing both because the United States is not a foreign state, see Castle v. United States, 1995 WL 775316 at * 1 (D.N.M. Oct. 26, 1995), and because none of the acts complained of took place on vessels, on navigable waters, or on ship to shore excursions.  This is a dispute over the Plaintiff's tax liabilities, not an admiralty case.

Further, to the extent the Plaintiff seeks injunctive relief against the United States, his claims are barred by the Anti-Injunction Act.  See 26 U.S.C. § 7421(a); Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129 (1962).  The Plaintiff also may not seek relief under the Federal Tort Claims Act (assuming such a claim could be read into the Complaint), as the United States' limited waiver of

sovereign immunity under that Act does not extend to "any claim arising in respect of the assessment or collection of any tax. . . ." 28 U.S.C. § 2680(c); Al-Sharif v. United States, 296 Fed. Appx. 740, 742 (11th Cir. Oct. 14, 2008). See also Capozzoli v. Tracey, 663 F.2d 654, 657 (5th Cir. 1981); Ruetz v. Preiss, No. 6:07-CV-2006-BBM, 2008 WL 2201767 at * 3 (M.D. Fla. Apr. 2, 2008).

All claims against the United States shall therefore be dismissed for lack of subject matter jurisdiction in light of the United States' sovereign immunity.

The Court further notes that the Internal Revenue Service is not a proper party in this suit. A federal agency may not be sued in its own name without express congressional authority, see Blackmar v. Guerre, 342 U.S. 512, 514-15, 72 S.Ct. 410 (1952), and it is clearly established that the IRS is among those agencies for which such authority has not been given. See e.g., Brewer v. Commissioner, Internal Revenue Service, 435 F. Supp. 2d 1174, 1178-79 (S.D. Ala. 2006); Purk v. United States, 747 F. Supp. 1243, 1247 (S.D. Ohio 1989). See also Korman v. I.R.S., No. 06-80848-CIV-COHN, 2007 WL 404041 at * 1 (S.D. Fla. Feb. 2, 2007). All claims against the Internal Revenue Service shall also be dismissed.[4]

---

[4]While the Court need not address the United States' arguments under Fed. R. Civ. P. 12(b)(6), they are well taken and provide an alternative basis for dismissal of this action.

## **Conclusion**

Accordingly, upon due consideration, it is hereby ORDERED as follows:

(1)     Defendant State of Florida's Motion to Quash Service of Process and Motion to Dismiss (Doc. 9) is GRANTED.

(2)     Defendant State of New York's Motion to Dismiss (Doc. 14) is GRANTED.

(3)     Defendant United States of America's Motion to Dismiss (Doc. 12) is GRANTED.

(4)     Plaintiff Melvin C. Lewis's "Petition for Summary Ruling; Rule 60 and Rule 12(b)(6)," which the Court has treated as a motion for summary judgment (Doc. 18) is DENIED.

(5)     Plaintiff Melvin C. Lewis's Complaint (Doc. 1) is DISMISSED. Because the Court finds that any amendments would be futile, the Clerk is directed to enter judgment dismissing the Complaint WITH PREJUDICE.   To the extent the Plaintiff's recently-filed "Affidavit of Notice of Second Negative Averment to Defendant's Fraud and False Claims of Contract, Jurisdiction and Authority, Failures to State a Claim . . . Extortion and Counter Claim in the Admiralty" (Doc. 34) can be interpreted to be an Amended Complaint, it is also dismissed WITH PREJUDICE, and the Clerk is directed to enter judgment accordingly.

(6)     The Plaintiff's Motion to Dismiss Magistrate Karla S. Spaulding For Conflict of Interest and Bias, and Petition to Recuse Karla R. Spaulding (Docs. 10, 25) are DENIED AS MOOT.  Judge Spaulding is no longer assigned to this case.

(7)     The Plaintiff's Petition to Recuse Thomas B. Smith (Doc. 27) is DENIED for failure to satisfy the requirements of 28 U.S.C. § 144.  See Christo v. Padgett, 233 F.3d 1324, 1333 (11th Cir. 2000).

(8)     To the extent the Plaintiff seeks any relief and/or reconsideration in his various "Affidavits" (Docs. 28-31, 34), such motions are all DENIED.

(9)     The Clerk is directed to terminate all other pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 24th day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy